IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KERMIT LEE SANFORD,

     Plaintiff,

v.                             CASE NO. 1:20-cv-68-AW-GRJ

MARK S. INCH, et al.,

     Defendants.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Pending before the Court are Plaintiff's Complaint, ECF No. 1, and

Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 2. Plaintiff's

motion for leave to proceed as a pauper is due to be **GRANTED**. N.D. Fla.

Loc. R. 5.3. For the reasons explained below, however, the Court will not

assess a filing fee because it is respectfully **RECOMMENDED** that the

Complaint should be **DISMISSED** for failure to state a claim pursuant to 28

U.S.C. § 1915(e).

# I. BACKGROUND[1]

Plaintiff, proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on March 16, 2020.  ECF No. 1.  Plaintiff is a prisoner in the custody of the Department of Corrections at Mayo Correctional Institution ("Mayo C.I."), serving life sentences for first-degree murder, armed burglary, and robbery with a deadly weapon.  The Defendants in this lawsuit are: (1) Florida Department of Corrections Secretary Mark S. Inch; (2) "A. Johns," Secretary Inch's Representative; (3) Warden Travis Lamb (Mayo C.I.); (4) Acting Classification Supervisor "N. Taylor" (Mayo C.I.); (5) Sergeant "J. Colwell" (Mayo C.I.); and (6) Officer "R.E. Spring" (Mayo C.I.).  *Id.* at 2–3.

Plaintiff alleges that on September 5, 2019, at approximately 7:20 p.m., Sergeant Colwell was conducting a security check of Plaintiff's dormitory block when he smelled smoke emanating from the "top tier" of the dormitory.  ECF No. 1 at 6.  Sergeant Colwell did not investigate the

---

[1] The Court accepts the facts alleged in the Complaint as true, construes those facts in the light most favorable to Plaintiff, and limits its consideration to the Complaint and exhibits attached thereto.  *White v. Lemma*, 947 F.3d 1373, 1376–77 (11th Cir. 2020); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997); *see also Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6)."). The Court also takes judicial notice of the available public record pertaining to Plaintiff's prior convictions, for which he is serving a life sentence.  *Halmos v. Bomardier Aerospace Corp.*, 404 F. App'x 376, 377 (11th Cir. 2010).

source of the odor and left the dorm without speaking to anyone.  *Id.*  "Very soon thereafter," Sergeant Colwell returned to the dormitory and called Plaintiff and three other inmates into the foyer area.  *Id.*  Plaintiff and the other inmates were handcuffed and taken to confinement pending the issuance of a disciplinary report for using unauthorized drugs.  *Id.*  The prison administered a urinalysis screening to Plaintiff on the first night of his confinement, which returned negative for drug use.  *Id.*

On September 16, 2019, at 1:20 a.m., Sergeant Colwell woke up Plaintiff in his confinement cell to serve him with a disciplinary report, dated September 15, 2019, for using unauthorized drugs on September 5.  ECF No. 1 at 6.  The September 15 disciplinary report was issued by Officer Spring—who Plaintiff contends was not present during the security check— and Sergeant Colwell was assigned as the investigator.  *Id.* at 6, 9–10.

Plaintiff completed a witness statement and "called for a camera review of D-dorm, quad 3[.]"  ECF No. 1 at 7.  Plaintiff sought to prove at his disciplinary hearing that Sergeant Colwell conducted the September 5 security check, not Officer Spring.  *Id.*  On September 17, 2019, Plaintiff was found guilty of the allegations in the September 15 disciplinary report and sentenced to 60 days disciplinary confinement.  *Id.* at 7–8, 11.  Plaintiff

3

also learned that Sergeant Colwell wrote down the wrong camera for the disciplinary hearing team to review. *Id.* at 7, 11.

Plaintiff challenged the constitutionality of the investigation stemming from the September 15 disciplinary report, claiming it violated his right to due process, in a grievance dated September 19, 2019. ECF No. 1 at 7, 12. Classification Supervisor Taylor denied Plaintiff's grievance on September 24, 2019. *Id.* at 13. Plaintiff submitted an administrative appeal on September 26, 2019. *Id.* at 7, 14. Secretary Inch's representative, A. Johns, denied Plaintiff's administrative appeal on October 2, 2019. *Id.* at 15.

Plaintiff claims he was denied due process, in violation of the Fifth and Fourteenth Amendments, when Sergeant Colwell and Officer Spring "collaborated" to present a false disciplinary report, when Sergeant Colwell was assigned to investigate the allegations in the disciplinary report, and when he was found guilty of using unauthorized drugs after "passing" the September 5 urinalysis drug screening. ECF No. 1 at 7–8, 16. As to relief, Plaintiff requests $6,000 in compensatory and punitive damages—$100 for each day of disciplinary confinement—and an award of court costs. *Id.* at 16.

4

## II.  DISCUSSION

The Complaint is before the undersigned for screening pursuant to 28 U.S.C. § 1915(e).  The Court must dismiss a claim if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To plead a cause of action, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requires a plaintiff to assert "sufficient factual matter" that, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is met only where the facts alleged enable the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).  Mere labels and conclusions are insufficient. *Iqbal*, 556 U.S. 662 at 678.

The Court will not penalize a *pro se* litigant for "linguistic imprecision," *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008), but a cause of action must be discernable.  A court does not have "license to … rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an

action." *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by*, *Iqbal*, 556 U.S. 678.

The undersigned concludes that the Complaint is due to be dismissed because Plaintiff fails to state a claim upon which relief may be granted. Plaintiff's Fifth Amendment claim fails because the Fifth Amendment Due Process Clause does not apply where, as here, the defendants are state, not federal, actors. *See Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000) ("The Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor."); *Navarro v. City of Riviera Beach*, 192 F. Supp. 3d 1353, 1362–63 (S.D. Fla. 2016) ("Plaintiff cannot state a claim for violation of his Fifth Amendment rights, as it is well-settled that the Fifth Amendment, which protects individuals from being 'deprived of life, liberty, or property, without due process of law,' applies only to federal, and not state, actors." (citing *Jordan v. Mosley*, 298 F. App'x 803, 806 n.5 (11th Cir. 2008))).

Turning to Plaintiff's Fourteenth Amendment claim against Defendants, "a § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225,

6

1232 (11th Cir. 2003).  Although a prisoner such as Plaintiff may have due

process rights at a disciplinary hearing, *Wolff v. McDonnell*, 418 U.S. 539,

560–65 (1974), the prisoner must first prove has was deprived of a liberty

interest.  A prisoner is deprived of a liberty interest (1) "when a change in

the prisoner's conditions of confinement is so severe that it essentially

exceeds the sentence imposed by the court," or (2) "when the state has

consistently bestowed a certain benefit to prisoners ... and the deprivation

of that benefit 'imposes atypical and significant hardship on the inmate in

relation to the ordinary incidents of prison life.'"  *Kirby v. Siegelman*, 195

F.3d 1285, 1290–91 (11th Cir. 1999) (quoting *Sandin v. Conner*, 515 U.S.

472, 484 (1995)).  In short, "[w]ithout either the loss of gain-time credits or

atypical confinement, the Due Process Clause itself affords no protected

liberty interest that invokes procedural protections."  *Walker v. Fla. Dep't of

Corr.*, No. 5:15-cv-25-MW-EMT, 2016 WL 1426011, at *3 (N.D. Fla. Mar.

18, 2016), *report and recommendation adopted*, 2016 WL 1436672, at *1

(Apr. 10, 2016) (citing *Sandin*, 515 U.S. at 487).

Plaintiff's due process claim fails at the start because he cannot show

he was deprived of a recognized liberty interest.  As an inmate sentenced

to life imprisonment, Plaintiff is ineligible to receive gain time.  *Walker*, 2016

WL 1426011, at **3–4; *see also Oliver v. Gafford*, No. 5:15-cv-153-WTH-

7

GRJ, 2018 WL 1938308, at *10 (N.D. Fla. Jan. 19, 2018), *report and recommendation adopted*, 2018 WL 1937072, at *1 (Apr. 24, 2018); *Gonzalez v. Jones*, No. 4:14-cv-518-MW-CAS, 2017 WL 834984, at *7 (N.D. Fla. Jan. 30, 2017), *report and recommendation adopted*, 2017 WL 831095, at *1 (Mar. 2, 2017).

Moreover, Plaintiff's 60 days of disciplinary confinement was not an atypical or significant hardship compared to ordinary detention in general population. *See Rodgers v. Singletary*, 142 F.3d 1252, 1253 (11th Cir. 1998) (holding a prisoner who remained in administrative confinement pending the resolution of criminal charges and a supposedly false disciplinary report for two months was not deprived of a constitutionally protected liberty interest); *Gonzalez*, 2017 WL 834984, at *7 ("Petitioner has failed to demonstrate that 60 days of disciplinary confinement was 'atypical' or significantly restrictive compared to the conditions experienced in the general population."); *Robinson v. Gielow*, No. 3:14-cv-223-LAC-EMT, 2015 WL 1485020, at *3 (N.D. Fla. Mar. 31, 2015) ("Plaintiff's placement in confinement and loss of privileges for a period of [60] days did not impose an atypical and significant hardship on him in relation to the ordinary incidents of his prison life."); *Perez v. Humphries*, No. 1:11-cv-180-MP-GRJ, 2011 WL 6960817, at *3 (N.D. Fla. Dec. 6, 2011), *report and*

*recommendation adopted*, 2012 WL 32566, at *1 (Jan. 6, 2012) ("Plaintiff's placement in disciplinary confinement for 60 days is not sufficient to trigger constitutional due process protections."); *see also Sandin*, 515 U.S. at 486 (holding 30 days in administrative confinement was not atypical or significant enough to trigger due process protection); *Wilson v. Blankenship*, 163 F.3d 1284, 1295 n.17 (11th Cir. 1998) ("[T]he Due Process Clause does not establish an interest in being confined to a general population cell, rather than the more austere and restrictive administrative segregation quarters.").

Because Plaintiff was not deprived of a liberty interest, there is no need to address whether he received adequate process related to his disciplinary hearing.  Plaintiff's procedural due process claim is due to be dismissed.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given," Fed. R. Civ. P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile.  371 U.S. at 182. The Court concludes that further amendment of the Complaint would be futile because Plaintiff cannot state a cognizable procedural due process

claim against Defendants based on the factual allegations underlying this action.

## III.  CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 2, is **GRANTED**.  Plaintiff, however, will not be assessed the filing fee.

It is respectfully **RECOMMENDED** that Plaintiff's Complaint, ECF No. 1, should be **DISMISSED without leave to amend**.

**IN CHAMBERS** this 1st day of April 2020.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.